PAUL B. BARRINGER, Administrator, &c. *v.* ELIJAH BOYD et al.

It is the settled doctrine, that the grant of letters of administration will suspend the operation of the statute of limitations, and that the nine months during which an executor or administrator is protected from suit, is not to be computed as a part of the time required to bar a suit for any debt or demand against a testator's or intestate's estate.

Where a plea avers that the demand on which the action was based, was rendered in the chancery court of Tennessee, in a suit prosecuted therein against defendant's intestate, in his representative character as administrator of B., deceased; and that the object of said suit was to charge the intestate as such administrator, and not in his personal character, who had notice of the pendency of said suit only in the character of administrator:—*Held,* that such

Barringer *v.* Boyd et al.

a decree might be erroneous, but could not be void, and cannot be collaterally attacked for error.

It was necessary to have averred in the plea to take advantage of this defence, that the decree rendered was against the intestate, in either his personal character, or his representative capacity: — *Held*, that the demurrer to the plea was properly sustained.

Where the decree upon which an action is founded is described in the declaration as a decree rendered in the supreme court of errors and appeals of the State of Tennessee, against defendant's intestate in his personal character; whereas the decree offered at the trial, and submitted to the court for inspection, was one of said court against the intestate as the administrator of B., and was a decree of the chancery court of said State: — *Held*, that this was not such a variance as could be taken advantage of by a plea of *nul tiel record*.

It has been settled by this court, that a judgment rendered against an executor generally, or *de bonis propriis,* is erroneous. 1 How. 293; 4 Ib. 113; 2 S. & M. 541, cited and confirmed.

The judgment or decree declared on is in these words: "This cause coming on to be heard in the honorable the supreme court of Tennessee this day, upon the reading of the record and argument of counsel, and it appearing satisfactorily to the court, that in the record and proceedings had in this cause, there is no error, it is therefore ordered, adjudged, and decreed, that the decree in the chancery court be in all things affirmed," &c.: — *Held*, that the decree was properly and correctly described as a decree of the supreme court of Tennessee.

IN error from the circuit court of Lafayette county; Hon. Hugh R. Miller, judge.

This was a suit commenced in the circuit court of Lafayette county. The declaration is in debt founded on a judgment of the supreme court of the State of Tennessee, on the 1st Monday of December, 1838, in favor of plaintiffs against defendant's intestate, W. R. Cox.

First plea, is *nul tiel record*, and issue thereon by replication, which was decided by the court in favor of plaintiffs.

Second plea. "That this action was not commenced within two years after the 24th day of February, 1844."

Replication. "That defendant was appointed administrator of his intestate, William R. Cox, on the 8th day of October, 1845, and that plaintiffs' action on said judgment and decree was commenced on the 7th day of October, 1846, and within two years and nine months from the 24th of February, 1844."

This replication was demurred to by defendant, and demurrer overruled by the court, and leave given to defendant to rejoin, which he declined.

Third plea. " That said judgment was based on certain proceedings had in the chancery court at Pulaski, Tennessee, against William R. Cox, as administrator of John Boyd, Jr., and Mary Boyd, widow, and James Boyd, son and heir of John Boyd, Jr., upon certain liabilities of the said John Boyd, Jr. That all of the proceedings against William R. Cox in said suit, in which said judgment was rendered, were had against said Cox in his capacity as administrator of the said John Boyd, Jr. That no proceedings were had in said suit, to charge said Cox in his own right and individual capacity. And that said Cox never had any notice of said suit or any of the proceedings therein, and never appeared in said suit, either by himself or attorney, except in his capacity of administrator of said John Boyd, Jr."

Fourth plea. " That the cause of action in the judgment and decree in plaintiffs' declaration mentioned, was not against said Cox in his own right and individual capacity. That said Cox never had any notice to appear in said suit, in his own right and individual capacity. That said Cox never appeared in or defended said suit in his own right and individual capacity. That the cause of action, and matters and things in said suit were against John Boyd, Jr., and that Cox was made defendant as his administrator, and in no other capacity."

Fifth plea. " That said Cox had no personal notice of any kind served on him, notifying him to appear in his own right and personal capacity in said suit. That said Cox never did appear, or defend said suit in his own right or personal capacity, either by himself or attorney."

Plaintiffs demurred to said third, fourth, and fifth pleas of defendant, and assigned the following special causes : —

1st. Pleas are double and argumentative, setting up several distinct defences to the action in the same plea.

2d. That said pleas admit defendant's intestate, having notice of said suit and proceedings in his capacity of administrator, but denies notice in his individual capacity. Notice must be

given to the person, and not to his capacity, be it private or representative.

3d. Pleas recite that said judgment was rendered against defendant's intestate in his individual character, and that he was sued as administrator of John Boyd, Jr. Such judgment the court had a right to pronounce; and if not, it was only a clerical error, not rendering said judgment void.

4th. Pleas set up as a defence; that he had no notice of said suit in his private capacity, nor did he appear and defend in his private capacity.

5th. That said pleas set up no valid defence to the action, and are in other respects informal and insufficient.

The court sustained plaintiff's demurrer to said third, fourth, and fifth pleas of defendant, and gave him leave to reply over, which said defendant declined.

Sixth plea. That said William R. Cox had no legal notice of the proceeding of the suit in which said judgment was rendered. To which plaintiffs replied, making an issue.

The defendant afterwards withdrew his said sixth plea. Judgment was rendered for the plaintiffs, *quod recuperit*, for $3,340, and Barringer prayed a writ of error to this court.

*H. A. Barr*, for appellant,

Contended the decision of the court below was erroneous, and to sustain his position, cited and commented on the following authorities. 1 Phil. Ev. 385; 4 Ib. C. & H. notes, 1059; *Grimble* v. *Miss. & Ala. R. Co.*, 3 S. & M. 41; *Smith* v. *Heard*, 7 How. 200; 2 Bland. Ch. 99; 3 Peters, 90; *Mayers* v. *Tompkins*, 6 Munf. 520; *Neely* v. *Planters Bank*, 4 S. & M. 116; *Haggatt* v. *Montgomery*, 6 How. 103; *Bozman* v. *Brown*, 6 Ib. 350; 1 Saund. R. 336; *Planters Bank* v. *Calvit*, 3 S. & M. 194; *Wray* v. *Williams*, 2 Yerg. 302; *Cox* v. *Cox*, 2 Yerg. 305; *Fenton* v. *Garlick*, 8 Johns. 197, &c.; Story's Conf. of Laws, § 586, 592; *Hill* v. *Robison*, 2 S. & M. 541; *Keeble* v. *Butler*, 14 S. & M. 207; *Hurd* v. *Germany*, 7 How. 675.

*Howry* and *Hayes* for appellees,

In reply, contended there was no error in judgment of the

Barringer *v.* Boyd et al.

court below, and cited and commented on the following authorities. 7 S. & M. 51; Ib. 208; 4 Ib. 117; 2 Ib. 541; 6 How. 204; 1 Mis. R. 403; 3 Yerg. 133; 1 Humph. 46; 10 Yerg. 215, &c.; 2 S. & M. 452; 10 Ib. 100; 1 Mis. R. 73; 7 Cranch; 1 Meigs, 42.

We remit the $92, excess of damages, over the amount claimed in the declaration for plaintiffs.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was an action of debt, brought in the circuit court of La Fayette county, upon a decree of the supreme court of errors and appeals of the State of Tennessee, against the plaintiff in error as the administrator of William R. Cox, deceased.

The defendants filed, first, a plea of *nul tiel record*, to which there was a replication; second, a plea of the statute of limitations, in which it was averred that the said action was not commenced within two years next after the 24th of February, 1844. To this plea the plaintiffs replied, that the defendant was appointed administrator of the estate of the said William R. Cox, and qualified as such on the 5th day of October, 1845, and that the said suit was commenced on the 7th day of October, 1846, within two years and nine months after said 24th day of February, 1844. The defendant demurred to the replication; the demurrer was overruled, and he declined to plead over. Four other pleas were filed, the last of which was withdrawn by the defendant at the trial. The remaining pleas were, upon demurrer, adjudged insufficient. The defendant declining to plead further, and the issue upon the plea of *nul tiel record* being decided in favor of the plaintiffs, judgment was accordingly rendered for them. The judgment offered in evidence under the plea of *nul tiel record*, was by bill of exceptions made a part of the record.

1. The decision overruling the demurrer to plaintiffs' replication to the defendant's second plea was correct. The statute, Hutch. Dig. 832, § 14, under the provisions of which the plea was filed, commenced to operate on the 24th of February, 1844. Letters of administration were granted to defendant on the estate of the decedent on the 8th day of October, 1845. Two

years had not, therefore, elapsed from the passage of the act before the grant of letters. In regard to the general statute of limitations, it is the settled doctrine of this court that the grant of letters of administration will suspend its operation; and that the nine months, during which the executor or administrator is protected from suit, is not to be computed as a part of the time required to bar a suit for any debt or demand against the testator's or intestate's estate. The disability to sue in such cases arises from a positive provision of the law. And for that reason, it is held to be reasonable and just, that the time during which the disability continues should be excluded from the computation. This reason exists, with at least equal force to the case at bar, as there is nothing in the nature of the subject, nor, in the terms of the statute under consideration, which would authorize a different construction. On the contrary, the very limited period allowed, in which suits upon judgments rendered before its enactment in courts without this State might be brought, forcibly suggests the propriety of adopting the same construction which is applied to the general statute of limitations. Applying the rule, then, which excludes the nine months from the computation to this statute, this suit, which was instituted on the 6th of October, 1846, was brought within the time limited by the act.

2. The matter alleged in the defendant's pleas to which there was a demurrer was not a bar to the action. In these pleas it was in substance alleged, that the decree on which the action was based was rendered in the chancery court of Tennessee, in a suit prosecuted therein against the defendant's intestate, in his representative character as the administrator of John Boyd, Jr., decedent, and that the object of said suit was to charge the intestate as such administrator, and not in his personal character. It is also alleged, that the intestate had notice no otherwise than as such administrator, of the pendency of said suit.

If the suit were, as alleged, instituted against the defendant's intestate as administrator, and the decree which in fact was rendered bound him personally for the payment of the debt, it might possibly have been erroneous. It was certainly not necessarily void. And if not void, it is clear that it could not

be collaterally attacked for error. But it is not alleged that the decree which was rendered, was against the intestate in either his personal character or representative capacity. An averment to this effect was essential to the validity of the defence attempted to be set up. For without such an averment upon the trial of the issue, it could not have been shown that the decree was rendered without notice, or that it bound the intestate in any capacity, either personally or as administrator. The demurrer was therefore properly sustained.

3. It is insisted that the court erred in overruling the plea of *nul tiel record;* because, as it is contended, there was a material variance between the decree produced on the trial of the issue, and that which was described in the declaration. The variance alleged to exist, consists in this. 1st. The decree upon which the action is founded is described in the declaration as a decree rendered in the supreme court of errors and appeals of the State of Tennessee against defendant's intestate in his personal character, whereas the decree which was offered at the trial and submitted to the inspection of the court was a decree of said court, against the intestate, as the administrator of John Boyd, Jr., the intestate; 2d, that the said decree was not, as alleged, a decree of the supreme court of Tennessee; but in fact that it is a decree of the chancery court of said State.

1. The decree, as it appears in the record, submitted to the court, is unquestionably a judgment against the intestate in his individual character. It is in the following words, to wit: " And it appearing to the satisfaction of the court, that the negroes mentioned in the bill have been removed out of this State, it is also decreed that the complainants also recover of the defendant, William R. Cox, the sum of $1,758, being the complainants' share of the value of the negroes, &c." But it is contended that this decree is to be regarded as a judgment against Cox in his representative character; for as it is insisted, the record of the proceedings in which it was pronounced shows clearly that he was neither sued, nor chargeable personally; and that the decree was entered in the form in which it stands on the record by a clerical mistake.

If the state of facts be such, as is assumed in the argument,

the decree was erroneous. But, have we the right to regard it in the light contended for? Have we the authority to correct the error by amending the decree so as to make it conform to the pleadings and proofs in the cause, and thereby produce the variance insisted on? It cannot be doubted that we have no such power. We are compelled to regard it, as it purports to be, and in no other light than as a decree charging the intestate personally.

The authorities cited by counsel have very little relevancy to the question. In the case of *Haggett* v. *Montgomery et al.*, 6 How. 93, the case most relied on, the amendment of the judgment, was made in the circuit court, in which the judgment was rendered. From the whole record which was on file in the court, it was manifest that the error was the result of a clerical mistake. The error committed was in entering the judgment against the defendant generally, and not against him as administrator. According to the authority of some cases, the correction might have been made even after the record was removed into the appellate court by writ of error. *Short* v. *Coffin*, 5 Burr. 2. But it has been settled in this court, that a judgment entered against an executor generally, or *de bonis propriis*, is erroneous, and may be reversed. *Breckenridge* v. *Mellen*, 1 How. 273; *Hill* v. *Robison*, 2 S. & M. 541; 4 How. 113.

But we do not concur with counsel in the assumption that the suit in which the decree was rendered, was instituted for the purpose of charging the defendant's intestate in his representative capacity, or that the judgment was erroneously entered against him in his personal character. The bill was filed against the widow and heir of John Boyd, Jr., deceased, and against the intestate, who had administered on his estate for the recovery of real and personal property alleged to be held by them in trust for the complainants. The trust was established and a decree was rendered for the trust property held by the respondents. The slaves, which constituted a part of the property, appear by a recital in the decree to have been removed beyond the jurisdiction of the State. We must presume that the administrator was responsible for them. If so, a decree for their value was properly rendered against him. And

it is manifest that no decree, except one which bound him personally, should have been pronounced.

2. We come to the last objection urged by the plaintiff in error. That is, that the decree was erroneously described as a judgment of the supreme court of Tennessee.

As we have above seen, a bill was filed in the chancery court against the defendant's intestate, with others. A final decree having been there rendered against the respondents, they removed the cause, by writ of error, into the supreme court, in which the decree of the chancery court was affirmed. The entry of the judgment in that court was made in the following words, to wit: " This cause coming on to be heard in the honorable the supreme court of Tennessee this day, upon the reading of the record and argument of counsel, and it appearing satisfactory to the court that in the record and proceedings had in this cause there is no error, it is therefore ordered, adjudged, and decreed that the decree in the chancery court be in all things affirmed, &c." This, it is presumed, is the form adopted for entering the judgment or decree in that court, where it is simply a judgment or decree of affirmance. The decree of the supreme court, affirming the decree of the chancery court, had reference necessarily to that decree which was contained in the record ; and by the act of affirmance it was made in effect the decree of the supreme court. We think, therefore, the decree was correctly described as a decree of the supreme court of Tennessee.

Judgment affirmed.