THE BRANCH BANK OF ALABAMA, Plaintiff in Error, *v.* PATTERSON P. WINDHAM, Adm'r, Defendant in Error.

1. STATUTE OF LIMITATIONS.—It is well settled that Statutes of Limitation do not commence running until there is a person capable of being sued; hence the proviso to the 14th section of the Act of Limitations of 1844, (Hutch. Dig. 832,) which bars a recovery upon foreign judgments rendered prior to its passage, unless suit be commenced within two years thereafter, does not apply where the judgment debtor had died before that time, and upon whose estate no administration had been granted; in such a case the statute would not commence running until the appointment of an administrator; and if suit be instituted within

two years and nine months from the date of such appointment, it will be in time to save the bar.

2. EXECUTOR AND ADMINISTRATOR: PRESENTATION OF CLAIMS.—Creditors of a deceased person are not barred by reason of the non-presentation of their claims to the executor or administrator within two years after publication of notice, unless such publication be commenced within two months from the date of his appointment.

IN error from the Circuit Court of Newton county. Hon. John Watts, judge.

The opinion of the court contains a full statement of the case.

*T. Reavis* and *J. S. Hamm*, for the plaintiff in error,

Cited Hutch. Code, 831, § 12; Ib. 882, § 14; 10 S. & M. 100; 2 Ib. 452; 13 Ib. 395; 5 Cushm. 477, 478.

*Geo. L. Potter*, on same side,

Cited 7 S. & M. 361; 2 Ib. 455; 5 Cushm. 477, 478; Ib. 366; 2 Ib. 255; 13 S. & M. 397; 2 Ib. 455, 456; 10 Ib. 100; 11 Ib. 9; 4 Cushm. 547; 5 Ib. 757; 14 Ala. R. 103; 3 Cushm. 621.

*B. Jarnagin*, for defendant in error,

Cited 7 S. & M. 356; 2 Ib. 452; Hutch. Dig. 826, 829; Ib. 832, § 14; 2 Bibb, 537; 3 Stew. 172; 1 S. & M. 296; 1 Johns. 165; 3 Cow. 398; 1 Bibb, 257; 4 M'Cord, 423; 2 Bibb, 537; 3 Yerg. 318; 25 Miss. R. 609; 23 Ib. 161; 12 S. & M. 395.

HANDY, J., delivered the opinion of the court.

This action was brought on the 6th of September, 1850, upon a judgment recovered by the plaintiff in error against the defendant's intestate, in the State of Alabama, in November, 1841.

It appears by the record, that the defendant's intestate died in this State about the 6th of August, 1842; and that no administration on his estate was granted until the 11th of April, 1848; that on the 17th of June, 1848, and more than two months after the grant of administration, notice to claimants against the estate was commenced, and published in a newspaper of this State for six successive weeks.

The grounds of defence to the action were:—1st. That the claim was not duly presented to the administrator according to

law; and, 2d. That the claim was barred under the provision of the latter clause of the 14th section of the Act of 1844, (Hutch. Code, 832,) the action not having been brought within the time required by that act.

The first ground of defence is not supported by the evidence. It appears that the publication of notice to creditors to present their claims against the estate, was not made until the expiration of two months from the time of the grant of administration; and it is settled by this court, that in order to bar a claim by reason of non-presentation within the time limited, it must be shown that the publication was commenced within the time prescribed by the statute; that this notice being purely constructive, the law authorizing it must be.strictly pursued; and otherwise, that it is not necessary to show a presentation, and the claim will not be barred by reason of failure to present it. *Pearl* v. *Conley*, 7 S. & M. 356; *Dowell* v. *Webber*, 2 Ib. 452.

The ruling of the court was in opposition to this view, and is erroneous.

Upon the second ground of the defence, the plaintiff moved the court to instruct the jury:—

1. That if they believe from the evidence, that the plaintiff, as a corporation, recovered the judgment sued upon against Huston Windham, on the 22d of November, 1841; that the said Windham died in the year 1842; that no administration was granted upon his estate until the 11th of April, 1848; and that this action was commenced within four years after administration was granted upon his estate, then there is no statute of limitations which bars the plaintiff's action," &c.

2. If the jury believe from the evidence, that the plaintiff, as a corporation, recovered the judgment sued upon against Huston Windham, on the 22d of November, 1841; that the same Windham died in 1842; that no administration was granted upon his estate until the 11th of April, 1848; and that this action was commenced within two years and nine months after administration was granted upon his estate, then there is no statute of limitations which bars the plaintiff's action.

These instructions were refused, and this is assigned for error.

The first instruction was framed with reference to the 12th section of the Act of 1844.

It has been held by this court, in the *West Feliciana Railroad Company* v. *Stockett*, 13 S. & M. 395, that this section is not applicable to cases where administration was granted before its passage; and that as to administrators thereafter to be appointed, the bar commenced from the qualification of the administrator. It therefore cannot be said, that the bar, under this provision of the statute, commenced running in the lifetime of the intestate; for it clearly has no reference to actions against the deceased in his lifetime, nor to the time when the limitation commenced running as to him.

At what time, then, did the statute commence running, as to administrators appointed after its enactment? Undoubtedly not until administration was granted; for it is a well established rule, that statutes of limitation commence running only from the time when there is a party capable of being sued.

It follows, that if the facts stated in the first instruction were true, the plaintiff had four years after administration was granted within which to bring his suit, together with nine months in addition, being the period of time for which the plaintiff was debarred of his right of action after administration was granted. *Barringer* v. *Boyd*, 27 Miss. R. 478; *Wilkinson* v. *Moore*, Ib. 366; and that the court erred in refusing the instruction.

The second instruction presents the question, whether, under the circumstances of this case, the action was barred by the second clause of the 14th section of Statute of 1844, which provides that, in all cases of judgments or decrees, obtained in any court out of the limits of this State, before the passage of the act, and not then barred by the Statute of Limitations, "The plaintiff, or plaintiffs, may maintain an action thereon, if the same be commenced within two years after the passage of this act, and not afterwards."

We think it manifest that this part of the statute intended to confer a distinct and substantive right to maintain an action upon any foreign judgment then rendered, and not barred, within two years after the passage of the statute, except only where the previous statute had commenced running upon the judgment, and the

bar under that statute would become complete in a less period than two years after the passage of the Act of 1844; and this is under the proviso of the 18th section of that act. With this exception, the 14th section appears to have no bearing upon the previous running of the limitations on judgments.

With respect to cases where the limitation had commenced running, and had a long time to run, the statute virtually said the old limitation shall be repealed, and a much shorter period established; but in consideration of this, the right is given to bring the action upon such judgment within two years after the passage of the act; and that, although the limitation had commenced running under the old statute, unless the limitation under the old statute would run out before the expiration of two years from the passage of the new act. This appears to be recognized in the 14th section as a new and substantive right.

Now is it to be supposed, that the legislature, in allowing the plaintiff two years to bring his action, intended that the statute should run, although the plaintiff was then incapable of exercising the right, because there was no party to sue? We think not. There is nothing in this part of the statute that would prevent the application of the general rule, that the limitation thereby created must be taken to run only from the time there was a party against whom suit could be brought after the passage of the act. For otherwise, it would be so to construe the statute as to deprive the plaintiff of the benefit expressly secured to him by it.

The court below, therefore, erred in refusing to give this instruction to the jury.

The instructions given by the court, at the instance of the defendant, are in opposition to the views of the statutes above stated, and were consequently erroneous.

The judgment is reversed, and the cause remanded for a new trial.