GEORGE T. WEBB & CO. *v.* FOGG *et al.*

[99 So. 504.  No. 24018.]

(Division A. March 31, 1924.)

1. EXECUTORS AND ADMINISTRATORS. *Executor's notice to creditors not void because date in notice not that on which letters granted.*

An executor's notice to creditors required by section 2103, Code 1906 (Hemingway's Code, section 1771, now chapter 302, Laws 1920), which provides that such notice shall set forth the time when the letters were granted, is not void, because the date thereof set forth in the notice is not that on which the letters were granted.

2. EXECUTORS AND ADMINISTRATORS. *Law controlling notice of executors to creditors stated.*

A notice by an executor to creditors published on the day that chapter 302, Laws 1920, was approved by the Governor, requiring all persons having claims against the estate to have same probated and registered within one year, is valid, although chapter

302, Laws 1920, reduces the time to be set forth in the notice from one year to six months, for the reason that section 2107, Code 1906 (Hemingway's Code, section 1775), which fixed the limitation on the time within which claims must be probated at one year, was still the law when the notice was published and continued to be until about two weeks thereafter, when the limitation therein was changed from one year to six months by chapter 303, Laws 1920.

APPEAL from chancery court of De Soto county.
HON. J. G. McGOWAN, Chancellor.

Claim by George T. Webb & Co. against J. D. Fogg and another, executors of the estate of Gorman Baker, deceased. From disallowance of the claim, claimant appeals. Affirmed.

*Holmes & Bowdre,* for appellant.

## I.

Appellant is a cotton factor residing in Memphis, doing business under the firm name of Geo. T. Webb & Company. Appellees are executors of the estate of German Baker, deceased. Beginning in October, 1914, an open mutual account existed between the appellant and deceased, appellant making advances of money to deceased and decedent in turn consigning cotton to the appellant for sale and credit on account. After the death of decedent appellant instituted this suit against his executors for a balance of three hundred sixty-nine dollars and ninety cents due on account by deceased. The correctness of the account is undisputed. The executors and a Mrs. Baker, creditor of the estate, and a devisee under the will of decedent, answered and said that the claim of appellant is barred by the statute of limitations, regarding the time in which claims shall be probated and registered against the estate of a deceased person after notice to creditors has been given. Appellant raised the question of the sufficiency of the notice to creditors, and that the notice was void.

The executors' notice to creditors stated that letters testamentary were granted February 8, 1920 (two days

before decedent's death), when in fact they were granted
February 18, 1920. Therefore, the notice is insufficient
in form and is void. Section 1771, Hemingway's Code,
section 2103, Code of 1906. Section 1771, Hemingway's
Code, Supplement 1921 (Laws 1920, chapter 302), was in
effect February 18, 1920, and said section of the statute,
being an amendment of section 1771, Hemingway's Code
(section 2103, Code of 1906), makes the same provision
as to the requirements of notice to creditors, except that
claims shall be registered and probated within six months,
instead of one year. These sections are mandatory and
any notice to creditors is void if it does not substantially
comply with the requirements of the statute relative to
stating the time when letters testamentary were granted.
*Marshall* v. *John Deere Plow Co.,* 99 Miss. 284; *Bout-
well* v. *Farmers & Traders Bank,* 118 Miss. 50; *Brown* v.
*State,* 152 Pac. 578, 17 Ariz. 314; *Stephens* v. *Dunlap Mer-
cantile Company,* 108 Miss. 690.

We do not find any case in this state holding a notice
to creditors valid which fails to state correctly the time
when letters testamentary were granted. The time when
letters testamentary were granted is of the essence and
substance of the notice, and it is, therefore, mandatory
that such information be stated in the notice to creditors.
The notice must show that the executors are acting un-
der letters testamentary and this can only be shown cor-
rectly by stating the specific time when the letters were
granted. The creditors are entitled to this information
as a matter of right. It is notice of the qualification of
the executors to act under the will and to settle the es-
tate of the decedent. It is information to the creditor
that the executors have authority to give notice that
claims shall be registered and probated within a given
time or they will be barred, and that the executors are not
mere meddlers in the estate of the decedent with no au-
thority to act. See also *Johnston* v. *Bain,* 81 So. 849.

In Wisconsin, under a statute providing that, upon the
granting of letters of administration notice to creditors

shall state the address of the owner of the estate, the
court held that a notice which does not state, such ad-
dress in its body is void. *In Re Ansons Estate,* 188 N.
W. 479.

The supreme court of Oklahoma has held (1915) that
to bar a claim against the estate, under the statute of
non-claim, the notice advertised or posted must contain
all matters prescribed by statute. See *State* v. *Soliss,*
152 Pa. 1114. See also 215 Pa. 654; *Wilson* v. *Gregory,*
61 Mo. 421; *Brill* v. *Ide,* 75 Wis. 113.

We do not think the appellees can question the neces-
sity of correctly stating the time when letters are grant-
ed. The law is plain and direct and free from ambiguity
regarding this matter. The appellees are seeking to bar
an honest and just debt made by the decedent. They set
up the shorter statute of limitations, a statute for their
benefit and for the benefit of the estate. If they would
avail themselves of this privilege, or, rather immunity,
which the law gives them, they must first publish a no-
tice giving the creditor certain information. This they
have inadvertently failed to do. The responsibility can-
not be laid at the door of the creditor.

In this connection we cannot refrain from calling the
court's attention to the able and celebrated opinion of
Chief Justice Peyton in the case of *Kock et al.* v. *Bridges
et al.,* 45 Miss. 258, as to "getting rid of a statutory pro-
vision by calling it directory."

## II

The notice to creditors should have specified six months
instead of one year in which claims should be registered
and probated. The learned chancellor in the court below
held that the amendment to section 1771, Hemingway's
Code, (section 2103, Code of 1906), did not take effect
until "the day after the day" when the Governor
signed the bill. It is a singular coincidence that the
amendment to section 1771, Hemingway's Code (section
2103, Code of 1906), became effective on the same day

that letters testamentary were granted to the executors of decedent. Section 2 of the amendment (Laws 1920, chapter 302), provides: "That this act take effect and be in force from and after its passage." The act was signed by the Governor February 18, 1920. (See Hemingway's Code, Supplement 1921, section 1771).

The question arises whether the notice to creditors given on February 26th should have conformed to section 1771, Hemingway's Code (section 2103, Code of 1906), or to section 1771, Hemingway's Code, Supplement 1921 (Laws 1920, chapter 302). The former provided that the notice should state that a failure to register and probate within one year will bar the claim; the latter provides that a failure to register and probate for six months will bar the claim. There is no evidence in the record showing at what time the Governor signed the bill.

Justice SYKES, in *Moree* v. *State*, 130 Miss. 341, distinguishes the time when civil and criminal statutes take effect, saying that "ordinarily fractions of a day are not considered, and the presumption is that a remedial civil statute is in force and effect the entire day of its approval under circumstances of this kind. See 23 American and English Enc. of Law, 214. Also 36 Cyc. 1198; *Burgess, Collector of Internal Revenue,* v. *Salmon et al.,* 97 U. S. 381.

In the absence of evidence as to the precise time of approval, an act operated during the entire day of its approval. *Craveno* v. *Atlantic Avenue Railroad Company,* 150 N. Y. 225; *Krom* v. *Levy,* 60 N. Y. 126; *Pooley* v. *Buffalo,* 122 N. Y. 592.

In the following cases fractions of a day were disregarded: *Mallory* v. *Miles,* 4 Met. (Ky.) 53; *Douglass* v. *Siefred* (Sup. Ct. App.), 18 Misc. (N. Y.) 188; *Matter of Howes,* 21 Ver. 619; *Matter of Welman,* 20 Ver. 654; *Matter of Boyce,* 25 Wash. 612; *Wood* v. *Fort,* 42 Ala. 641; *Turnipseed* v. *Jones,* 101 Ala. 593.

134 Miss.—39.

We believe that the majority of cases hold that fractions of a day are disregarded and an act when approved by the Governor is considered to have been in effect from the first moment of the day. Especially is this legal fiction true in civil cases. We submit to the Honorable Court that even though the rule disregarding fractions of a day be not applied, then the rule that a statute is in effect immediately upon approval of the governor applies, and there is a legal presumption that it is in force the entire day unless rebutted by evidence. If either of these rules is applied, then the notice to creditors should have specified six months instead of one year for creditors to probate and register their claims. If the notice provides that claims shall be presented within a longer period than that required by statute, it is nugatory. See *Wilson* v. *Gregory,* 61 Mo. 421.

*Dinkins & Wilroy* and *John W. Barbee, Jr.,* for appellees.

## I.

The alleged error is specified under two heads, viz: That the notice was insufficient because it did not correctly state the time when the letters were granted, and that it erroneously required the registration of claims within one year instead of six months. Section 1771 declares the duty of the executor or administrator to make publication of a notice to creditors and that it shall state the period of time in which claims shall be probated and registered, and that failure to so probate will bar them, but the limitation is declared in section 1775. To adopt the construction for which appellants contend will be to declare a "bar" upon a condition which section 1775 does not contain, i. e. failure to state the time when the letters were granted, and, even a condition which cannot properly be read into section 1771, as the words: "and the time when the letters were granted" do not precede, but follow, the declaration of the "bar."

A history of the claim statutes suggests the only reason for the presence of the words in the statute, that is,

that they were inserted by inadvertence and as the result of confusion in re-drafting the laws. Reference to article 81, section IX, Code of 1857, and section 1735, Code of 1871, will show that notice to creditors was then required to be issued within a certain time after the letters were granted and was, therefore, required to state the time. Under those statutes this court has held that a notice issued out of time was without effect, as the only way to avail of the shorter period of limitation was to issue the notice within two months of the grant of letters. See *Dowell* v. *Webber,* 2 S. & M. 452; *Pearl* v. *Conley,* 7 S. & M. 356; *Branch Bank* v. *Windham,* 31 Miss. 317.

Under the present practice, notice can issue at any time before the administration is closed, and the "time" required to be observed (at present) is six months from the first publication of notice. Hence, it occurs to us that in re-drafting the laws, the words "and the time when the letters were granted" were inadvertently left in the statute in which they cannot possibly serve any purpose. They were dropped in, or left in a place where they have no meaning and do not make sense: "Will bar the claim, and the time when the letters were granted."

If it was the purpose of the notice statute to do more than prescribe the form of notice which the limitation statute requires, the authors of it have failed to state it in such way as to render it effective. "Failure to probate and register for one year will bar the claim, and the time when the letters were granted." This court might be justified in transposing the words of the statute if to do so were necessary to set the statute of limitations, so clearly stated in section 1775, in motion, but certainly not to defeat it by the introduction of a non-important and immaterial condition. The notice embodies every fact essential that creditors be advised of: (a) The grant of letters. (b) The necessity of registration and probate of claims. (c) The time in which

and the officers before whom they should be probated. (d) The fact that they would be barred if not probated within the period stated. There is nothing in the decisions of this court in *Boutwell* v. *Bank,* 118 Miss. 50; *Stevens* v. *Mercantile Co.,* 108 Miss. 690; *Marshall* v. *Deere,* 99 Miss. 284, and *Strokes* v. *Lemon,* 96 Miss. 868, which has reference to anything except the necessity of registration and correctly stating the period of limitation.

## II.

On the question as to whether the one year or the six months statute was in effect and should govern, the case must be governed by the statute in force when the letters were granted, and the amendment of the notice statute did not go into effect until the day after its approval as held by the chancellor. Both the notice and the limitations statutes were in effect when the letters were granted, and, being so, the period for registration was properly stated as one year, but if it was six months instead, as said by the chancellor, "I cannot see how it affected this claimant, George T. Webb & Company. The notice to creditors gave him twelve months when he was only entitled to six months, if he was correct in his contention. I do not think that a man can avail himself of such a technicality when no possible injury could have accrued to him."

Counsel cites the opinion of Judge SYKES in *Moree* v. *State,* 130 Miss. 341, as sustaining the view that the amendment of section 1771 went into effect on the day it was approved, but we think it is decisive to the contrary.

This court in *Carter* v. *Henry,* 87 Miss. 411, has held, in determining the time in which statutes shall take effect without the approval of the Governor, that the day of presentation to him is to be excluded. A very clear statement of the rule which we think should govern is found in 4 W. & B. 2986-7. The opinion and decision of the chancellor on both the questions are fully sus-

tained by both authority and reason, and we respectfully submit that the case should be affirmed.

*Holmes & Bowdre,* for appellant in reply.

Appellant admits that the purpose of the notice statute to creditors is to put the time period into operation, but the notice must state the time when letters were granted in order that this may be accomplished. Appellees take the legislature to task for inserting the words "and the time when letters were granted" in section 1771, Hemingway's Code, and in section 1771, Hemingway's Code, Supplement 1921, saying that the words "were inserted by inadvertence, and as a result of confusion in redrafting the laws," and further urge that the words "were dropped in, or left in at a place where they have no meaning and do not make sense." It is significant that the legislature did not see fit to exclude the words "and the time when the letters were granted" when they amended section 1771, Hemingway's Code, on February 18, 1920, and necessarily must have considered it material that the notice give this information to creditors.

We do not think it permissible for appellees, in order to explain away one of the mandatory requirements of a notice to creditors, to resort to the history of the claims statutes and undertake to show that although it was necessary to state the time when letters were granted in the year 1857, it is now immaterial. We do not know of any rule of construction or interpretation which permits resort to the history of a statute when the words of a statute are plain, positive, and unambiguous. The court cannot restrict or enlarge the meaning of an unambiguous statute. *City of Hazlehurst* v. *Mayes,* 96 Miss. 656.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree in the court below disallowing a claim probated by the appellants against the estate of Gorman Baker, deceased, of which the ap-

pellees are the executors. The claim was probated more than two years after the publication of notice to creditors to probate claims against the estate.

The ground on which it is sought to reverse the decree of the court below is that the notice to creditors is void. Section 2103, Code of 1906 (Hemingway's Code, section 1771, now chapter 302, Laws of 1920), provides that the notice to creditors against the estate of a decedent shall set forth "the time when the letters were granted." Baker died on the 10th day of February, 1920, and letters testamentary on his will, wherein the appellees were appointed executors, were granted to them on the 18th day of February following, but the date thereof stated in the notice to creditors was the 8th day of February, which erroneous statement of the date is one of the reasons for which counsel for appellees claimed that the notice was void.

Article 81, section 9, chapter 60, Code of 1857, required an executor or administrator to publish a notice to creditors within two months after his appointment, which time was reduced by section 1135, Code of 1871, to one month, and each of these sections contained the requirement that the notice should state when the letters were granted. This requirement under those statutes served the very useful purpose of advising creditors whether or not the notice was published within the required time, for, if not so published, the notice was void. *Bank* v. *Windham,* 31 Miss. 317. The limitation on the time within which the notice to creditors must be made was eliminated from the statute in the Code of 1880, section 2026, but the requirement that the notice shall state "the time when the letters were granted" was retained, and continues to appear in the statute. It serves no conceivable useful purpose now, and its presence in the statute is manifestly the result of an oversight on the part of the draftsman. That being true, it would be absurd to hold that a notice to creditors which fails to comply therewith, or which states the date of the issu-

ance of the letters inaccurately, renders the notice void.

Section 2103, Code of 1906 (Hemingway's Code, section 1771), provides:

"It shall be the duty of the executor or administrator to publish in some newspaper in the county a notice requiring all persons having claims against the estate to have the same probated and registered by the clerk of the court granting letters, within one year, which notice shall state that a failure to probate and register for one year will bar the claim, and the time when the letters were granted," etc.

Section 2107, Code of 1906 (Hemingway's Code, section 1775), provides:

"All claims against the estate of a deceased person, whether due or not, shall be registered, probated, and allowed, in the court in which the letters testamentary or of administration were granted, within one year after the first publication of notice to creditors to present their claims; otherwise the same shall be barred," etc.

On March 18, 1920, the day of the first publication of the notice here in question, the Governor of the state approved chapter 302, Laws of 1920, by which section 2103, Code of 1906 (Hemingway's Code, section 1771), was amended so as to substitute six months for one year wherever the same appears therein. On March 4th following the Governor approved chapter 303, Laws of 1920, by which section 2107, Code of 1906 (Hemingway's Code, section 1775), was amended so as to substitute six months for one year, wherever the same appears therein.

The notice here in question is in accordance with the limitation prescribed by the Code of 1906, and one of the contentions of counsel for the appellants is that it is void for the reason that it should have stated the limitation to be six months, in accordance with chapter 302, Laws of 1920.

We will assume for the sake of the argument that this last-named statute was in force when the publication here in question was first made. Nevertheless the limitation

on the time within which creditors should probate their claims still remained as twelve and not six months, for that limitation was fixed not by section 2103, Code of 1906 (Hemingway's Code, section 1771), or the amendment thereof by chapter 302, Laws of 1920, but by section 2107, Code of 1906 (Hemingway's Code, section 1775), and was not changed until the approval by the Governor of chapter 303, Laws of 1920. If this last statute had not been enacted, the limitation would have remained twelve and not six months, and a notice to the contrary, in accord with chapter 302, Laws of 1920, would not have changed the time from twelve to six months, although in accordance with the statute dealing specifically with the form of the notice. The information as to the limitation on the time in which claims should be probated given in the notice here under consideration being accurate, it would be absurd to hold that the notice was void because another and erroneous limitation was not stated therein.

*Affirmed.*